```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JOSE MANUEL MARTINEZ, IV,                   :
                Plaintiff,                  :
                                            :
v.                                          :    OPINION AND ORDER
                                            :
SUPREME COURT OF THE STATE OF NEW           :    20 CV 1440 (VB)
YORK, ROCKLAND COUNTY; and                  :
DEUTSCHE BANK NATIONAL TRUST,               :
                Defendants.                 :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Jose Manuel Martinez IV, proceeding pro se, brings this action against defendants Deutsche Bank National Trust ("Deutsche Bank") and the Supreme Court of the State of New York, Rockland County (the "State Court"), for violations of his Fourteenth and Fifth Amendment rights to due process and equal protection.

Now pending is Deutsche Bank's motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6).  (Doc. #9).

For the reasons set forth below, the motion is GRANTED.[1]

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor, as set forth below.

---

[1] On May 2, 2020, plaintiff moved to amend the caption and substitute "Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2006-2" for "Deutsche Bank National Trust."  (Doc. #20).  Deutsche Bank opposed the motion but agreed with plaintiff that Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2006-2, is the proper party.  Because the Court grants the motion to dismiss, the motion to amend is DENIED as moot.

1

In 2006, plaintiff borrowed $408,000 from New Century Mortgage Corporation ("New Century"), mortgaging a property located at 16 Blauvelt Avenue, in West Haverstraw, New York (the "Property").[2] (Doc. #10-2 at 17–19).[3] New Century then assigned the mortgage to Deutsche Bank.

In August 2012, Deutsche Bank filed a foreclosure action against plaintiff in the State Court. Deutsche Bank purported to serve plaintiff both by mailing a copy of the summons and complaint to a property plaintiff owned in Garnerville, New York, and by delivering a copy to plaintiff's brother-in-law at the same address. (Doc. #15-2).

Plaintiff answered the foreclosure action and asserted, among other defenses, that service was improper and ineffective. The State Court partially denied cross-motions for summary judgment and struck all of plaintiff's affirmative defenses except for those relating to whether plaintiff defaulted on the mortgage. The State Court then referred plaintiff and Deutsche Bank to a referee to determine the amounts due to Deutsche Bank under the mortgage.

After the referee made findings, Deutsche Bank and plaintiff again cross-moved for summary judgment. Plaintiff challenged the State Court's prior decisions, arguing he was improperly served. On August 12, 2019, the State Court issued a decision and order confirming

---

[2] When ruling on a motion to dismiss, the Court may consider documents that are "integral" to the complaint as part of the pleadings when the complaint "relies heavily upon [their] terms and effect" and it is clear on the record that "no dispute exists regarding the authenticity or accuracy of the document[s]." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). Plaintiff relies heavily on the terms and effects of the documents filed in the foreclosure action because he complains those documents had the effect of violating his constitutional rights. Furthermore, there is no dispute as to the authenticity of those documents, and plaintiff filed many of those documents in opposition to the motion to dismiss. Accordingly, the Court considers documents filed in the foreclosure action as integral to the complaint and therefore as part of the pleadings.

[3] Unless otherwise indicated, citations to documents filed on the docket refer to the page numbers automatically assigned by the Court's Electronic Case Filing System, or "ECF."

the referee's report and entering a judgment of foreclosure and sale.  The State Court noted that plaintiff had "formally appear[ed] in the action and request[ed] that a copy of the complaint and all notices and other papers be forwarded to [him] at an address in Florida."  (Doc. #10-12 at 3).  The State Court found that plaintiff waived any defense related to a lack of personal jurisdiction because he "failed to raise the affirmative defense in opposition to [Deutsche Bank's] two motions for summary judgment," and only argued that he was improperly served with motion papers—not the summons and complaint.  (Doc. #10-12 at 5–6 & n.2).  The State Court granted Deutsche Bank's motion and ordered the Property sold.

       Plaintiff commenced the instant action on February 19, 2020.  He alleges that, as a "long-time resident of the State of Florida," he was "unlawfully served" with notice of the foreclosure action, because he should have been served at his Florida residence.  (Doc. #2 ("Compl.") ¶¶ 3–5).  He further alleges Deutsche Bank and the State Court violated his Fourteenth and Fifth Amendment rights to "equal protection, due process and life, liberty and property through obvious bias to" Deutsche Bank "and his diversity of citizenship."  (Id. ¶¶ 7–11).  Plaintiff also alleges Deutsche Bank "collude[d] with [the State] Court officials in the scheduling and participation of an ex parte hearing in which [p]laintiff was informed that said hearing was postponed to future calendar."  (Id. ¶ 10).

       Plaintiff seeks vacatur of the sale of the Property and $175,200.00 in damages.  (Compl. at ECF 3).

**DISCUSSION**

I.    <u>Subject Matter Jurisdiction</u>

Deutsche Bank argues the Court lacks subject matter jurisdiction over this action because the <u>Rooker-Feldman</u> doctrine precludes plaintiff from relitigating the foreclosure action in this Court.

The Court agrees.

A.    <u>Legal Standard</u>

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." <u>Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont</u>, 565 F.3d 56, 62 (2d Cir. 2009).[4]  A cause of action "is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." <u>Nike, Inc. v. Already, LLC</u>, 663 F.3d 89, 94 (2d Cir. 2011).  The party invoking the Court's jurisdiction bears the burden to establish that jurisdiction exists.  <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 561 (1992).  When deciding whether subject matter jurisdiction exists at the pleading stage, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." <u>Conyers v. Rossides</u>, 558 F.3d 137, 143 (2d Cir. 2009).  "However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn." <u>Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.</u>, 968 F.2d 196, 198 (2d Cir. 1992).

---

[4] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

When a defendant moves to dismiss for lack of subject matter jurisdiction and on other grounds, the court should resolve the Rule 12(b)(1) challenge first.  Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

The Rooker-Feldman doctrine encapsulates "the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions."  Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005).  Federal courts are barred from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  Four requirements must be met for the doctrine to bar review of a state court judgment:  (i) the plaintiff must have lost in state court; (ii) the plaintiff must complain of injuries caused by a state court judgment; (iii) the plaintiff must invite federal court review and rejection of that judgment; and (iv) the state court judgment must have been rendered before the federal proceedings commenced.  See Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d at 85.  A plaintiff invites federal court review and rejection of a state court judgment when the claims brought in federal court are "inextricably intertwined" with the state court's determinations.  See Kropelnicki v. Siegel, 290 F.3d 118, 128 (2d Cir. 2002).

B.      Application

The Rooker-Feldman doctrine bars the Court from considering plaintiff's claims.

First, plaintiff lost the foreclosure action.

Second, plaintiff seeks vacatur of the order of sale and damages for alleged constitutional violations stemming from defendants' conduct during the proceedings.  Thus, the injuries of which plaintiff complains were allegedly caused by the State Court's judgment.

Third, plaintiff invites federal court review of the State Court's judgment by asking this Court to hear claims that are "inextricably intertwined" with the State Court's determinations on personal jurisdiction.  See Kropelnicki v. Siegel, 290 F.3d at 128.  Any analysis of whether plaintiff was properly served in the foreclosure action requires review of the State Court's jurisdiction over plaintiff in the foreclosure action, and therefore whether the State Court's judgment was proper.  See, e.g., Odom v. Columbia Univ., 906 F. Supp. 188, 196 (S.D.N.Y. 1995) (finding Rooker-Feldman doctrine barred review of whether service was proper in state court proceeding because jurisdictional defenses should have been presented to state court).  Moreover, because the State Court directly rejected plaintiff's argument that service was improper, any determination by this Court would require review of that judgment.  Thus, plaintiff's claims are inextricably intertwined with the State Court's judgment.  See Kropelnicki v. Siegel, 290 F.3d at 128.

In addition, because plaintiff seeks vacatur of the judgment of foreclosure and sale and damages stemming from an alleged violation of his constitutional rights, any relief granted in his favor would require rejection of the State Court's judgment.

Fourth, the foreclosure action concluded in August 2019, and thus the State Court's judgment was rendered before plaintiff commenced this action in February 2020.

The Rooker-Feldman doctrine bars this Court from reviewing plaintiff's claims and the motion to dismiss must be granted.

II.     Leave to Amend

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires."  Liberal application of Rule 15(a) is warranted with respect to a pro se litigant, who "should be afforded every reasonable opportunity to demonstrate that he has a valid

claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000). District courts "should not dismiss [pro se complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

However, leave to amend may "properly be denied for . . . 'futility of amendment.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). This is true even when a plaintiff is proceeding pro se. See Terry v. Inc. Vill. of Patchogue, 826 F.3d 631, 633 (2d Cir. 2016).

Any amendment would be futile because this Court lacks the jurisdiction to review or set aside the State Court judgment of which plaintiff complains. The Court thus declines to grant plaintiff leave to amend.

## CONCLUSION

The motion to dismiss is GRANTED.

The motion to amend is DENIED as moot.

The Clerk is instructed to terminate the motions (Docs. ##9, 20) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: November 12, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge